Filed 7/26/23  P. v. Medina CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B319905 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA447145) |
| v. | |
| OSCAR MEDINA, | |
| Defendant and Appellant. | |

Appeal from judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Reversed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is Oscar Medina's (Medina) third appeal following his 2017 convictions for attempted murder and assault with a firearm. In addition to returning convictions on all counts, the jury found true allegations that Medina committed the crimes for the benefit of a criminal street gang, pursuant to Penal Code[1] section 186.22, subdivision (b)(1)(C). The jury also found true allegations that, in committing the attempted murders, "a principal personally and intentionally discharged a firearm, a handgun, within the meaning of . . . section 12022.53[, subdivisions] (c) and (e)(1)."

The trial court initially sentenced Medina to 62 years to life in prison. (See *People v. Medina* (Feb. 2, 2021, B303952) [nonpub. opn.] at p. 3 (*Medina II*), as mod. on denial of rehg. (Feb. 24, 2021).) The sentence consisted in part of a 20-year firearm enhancement under section 12022.53, subdivision (c). (*Medina II*, *supra*, B303952, at pp. 3–4.) Although Medina did not himself fire a gun in committing the crimes, the trial court applied the firearm enhancement to the four attempted murder counts because of the jury's finding that Medina had committed the offenses for the benefit of a criminal street gang.[2] (*Medina II*, *supra*, B303952, at p. 4, fn. 3; see § 12022.53, subd. (e)(1).)

On remand from Medina's second appeal, the trial court corrected certain sentencing errors and reduced the sentence to 47 years to life in prison. The court, however, left intact the 20-year firearm enhancements.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

[2] The trial court ordered the sentences on counts 1 through 4 to run concurrently, and the firearm enhancements therefore added only 20 years (rather than 80 years) to Medina's sentence.

Medina now asks us to remand his case to the trial court a third time, in light of certain amendments to section 186.22 effected by Assembly Bill No. 333. Among other changes, Assembly Bill No. 333 eliminated felony vandalism (§ 594) as a predicate offense for proving that a group meets section 186.22's definition of "criminal street gang." (See *People v. Avalos* (2022) 85 Cal.App.5th 926, 955–956 (*Avalos*).) At Medina's trial, the prosecution relied on a felony vandalism conviction to establish that the Headhunters gang—of which Medina was a member—constituted a "criminal street gang."[3] Because felony vandalism no longer qualifies as a predicate offense under the amended version of section 186.22, Medina urges that we must reverse the jury's findings on the gang allegations and strike the 20-year firearm enhancements triggered by those gang allegations.

The Attorney General concedes, and we agree, that we must reverse the gang allegation findings and strike the firearm enhancements. Contrary to Medina's suggestion, however, we conclude that the prosecution may retry the gang allegations on remand. Finally, we conclude that the trial court should conduct a full resentencing on remand and should correct certain clerical errors Medina identifies in the amended abstract of judgment.

---

[3] We have access to the record of Medina's trial through the records on his prior appeals. (See *People v. Medina* (2019) 33 Cal.App.5th 146, 149 (*Medina I*) and *Medina II*, *supra*, B303952.) On January 23, 2023, we granted Medina's request that we take judicial notice of certain portions of those records. In addition, we exercise our authority to take judicial notice of the portions of the records not encompassed within Medina's request. (See Evid. Code, § 452, subd. (d).)

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[4]

In our opinions in Medina's prior appeals (discussed *post*), we briefly summarized the facts of the case as follows: " 'Defendants Antonio Silva and Oscar Medina, members of the Headhunters gang, were driving through the turf of a rival gang called Diamond Street. They lost control of their car and crashed into an apartment building. Bystanders gathered to look at the accident. Unable to move the disabled vehicle, Silva and Medina left and returned in another car. Silva got out of the car, pointed his gun, and started shooting at bystanders while Medina attempted to recover the crashed car. The people on the street (including two individuals, Juan Alcaraz and Jose Sanchez, who lived in the apartment building) fled in terror. None ended up being hit by the gunfire. Medina was still unable to move the car, and Silva and Medina then left separately. Silva left in the car in which he and Medina had returned to the accident scene. Before Medina left on foot, he screamed his gang's name and a derogatory term for the Diamond Street gang.' "[5] (*Medina II, supra*, B303952, at p. 3, quoting *Medina I, supra*, 33 Cal.App.5th at p. 149.)

The district attorney charged Medina[6] with four counts of attempted murder (§§ 187, subd. (a), 664), and four counts

---

[4] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

[5] Medina disputes this characterization of the facts in certain respects, but none of the facts he contests is material to our resolution of his appeal.

[6] The district attorney charged Silva with the same crimes, but we omit further discussion of the charges against Silva, as he is not a party to this appeal.

of assault with a firearm (§ 245, subd. (a)(2)). The charging document alleged further that, in committing the attempted murders, "a principal personally and intentionally discharged a firearm, a handgun, within the meaning of . . . section 12022.53[, subdivisions] (c) and (e)(1)." Finally, the prosecution alleged that Medina committed each offense "for the benefit of, at the direction of, or in association with a criminal street gang," pursuant to section 186.22, subdivision (b)(1)(C).[7]

To establish that the Headhunters gang met the statutory definition of a "criminal street gang," the prosecution presented at trial evidence of two prior offenses—felony vandalism and carrying a concealed firearm—committed by other Headhunters gang members.

On August 30, 2017, the jury convicted Medina on all counts. The jury also found true the gang and firearm allegations.

"The trial court sentenced Medina to 62 years to life in prison. The sentence consisted of a base high term of nine years to life for one count of attempted murder (§ 664, subd. (a)), tripled

---

[7] The version of section 186.22, subdivision (b)(1)(C) in effect at the time of Medina's 2017 trial provided: "Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] . . . [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of [s]ection 667.5, the person shall be punished by an additional term of 10 years." (Former § 186.22, subd. (b)(1)(C).)

5

because Medina had suffered two prior strike convictions (see §§ 667, subd. (e)(2)(A)(1), 1170.12, subd. (c)(2)(A)(i)).” (*Medina II, supra*, B303952, at p. 3.)

The trial court then added 20 years to the sentence pursuant to section 12022.53, subdivision (c)[8] because a principal—here, Silva—personally and intentionally discharged a firearm in the commission of the offense. (*Medina II, supra*, B303952, at pp. 3–4.) “Although Medina did not personally fire the weapon, the firearm enhancement nevertheless applied to him [pursuant to section 12022.53, subdivision (e)(1)[9]] because the jury found that Medina committed the offense[s] for the benefit of, at the direction of, or in association with a criminal street gang,” under section 186.22, subdivision (b)(1)(C). (*Medina II, supra*, B303952, at p. 4, fn. 3.) Finally, the court imposed five additional years for each of three prior serious felony enhancements under section 667, subdivision (a)(1), resulting in an aggregate sentence of 62 years to life. (*Medina II, supra*, B303952, at p. 4.)

---

[8] Section 12022.53, subdivision (c) provides: “Notwithstanding any other law, a person who, in the commission of a felony specified in subdivision (a), personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years.” (§ 12022.53, subd. (c).)

[9] Section 12022.53, subdivision (e)(1) provides: “The enhancements . . . in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved: [¶] (A) The person violated subdivision (b) of [s]ection 186.22. [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d).”

"The court imposed the same sentence, to run concurrently, on each of the three other attempted murder convictions. As to the convictions on four counts of assault with a firearm, the court stated that these counts would all 'merge pursuant to . . . section 654.' The abstract of judgment indicated a concurrent sentence for those four counts. In addition to other fines, the trial court imposed a restitution fine of $5,000." (*Medina II*, *supra*, B303952, at p. 4.)

Medina filed a series of appeals. In our opinion considering his first appeal, "[w]e affirmed [his] convictions[,] but remanded the case to the trial court with instructions to strike one 5-year prior serious felony enhancement (§ 667, subd. (a)(1)), to consider whether to strike other serious felony and firearm enhancements in light of new laws enacted after the [initial] sentencing hearing, and to stay rather than impose concurrent sentences for assault with a firearm." (*Medina II*, *supra*, B303952, at p. 2.)

"At a hearing following remand, the trial court elected not to strike the firearm enhancement[s], but did not discuss the serious felony enhancements. The abstract of judgment filed after the hearing include[d] all of the previously imposed serious felony enhancements. The abstract of judgment also indicate[d] that the trial court stayed the sentences for assault with a firearm, but the court made no statement about this during the hearing." (*Medina II*, *supra*, B303952, at p. 2.) Thus, the abstract of judgment "did not change the number of serious felony enhancements, nor the aggregate length of the sentence of 62 years to life." (*Id.* at p. 6.)

Medina then filed a second appeal, in which he argued "that the trial court erred by failing to act on the serious felony enhancements and by failing to state during the hearing that the sentences for assault with a firearm were stayed."

7

(*Medina II*, *supra*, B303952, at p. 2.)  He argued further "that the trial court abused its discretion by refusing to strike the firearm enhancement[s], that his sentence violate[d] the state and federal constitutional protections against cruel and unusual punishments, and that the court abused its discretion by refusing to reduce his $5,000 restitution fine." (*Id.* at pp. 2–3.)

We "agree[d] with Medina as to the [trial court's] failure to act on the serious felony enhancements and to declare on the record that the sentences for assault with a firearm were stayed," but affirmed the trial court in all other respects.  (*Medina II*, *supra*, B303952, at p. 3.)  We therefore remanded the matter with directions that the trial court "strike one enhancement under section 667, subdivision (a)(1) from each of the four counts of attempted murder," "decide with respect to each count of attempted murder whether or not to strike the two additional enhancements under section 667, subdivision (a)(1)," and "declare on the record that the four counts of assault with a firearm are stayed under section 654." (*Medina II*, *supra*, B303952, at p. 16.)  We directed further that "[a]fter it takes all of these actions, the trial court must recalculate [Medina's] sentence and prepare a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation." (*Ibid.*)

At the March 16, 2022 hearing following the second remand, the trial court struck all three of the originally imposed serious felony enhancements, thereby reducing Medina's sentence from 62 years to life to 47 years to life.  The trial court, however, denied Medina's motion to strike the firearm enhancements.  Although Assembly Bill No. 333 already had taken effect, Medina did not raise the bill as authority in support of his motion to strike the firearm enhancements.  Instead, he relied exclusively on other provisions that he argued afforded the

8

trial court discretion to strike the enhancements. The trial court rejected Medina's request, explaining, "I don't believe I have jurisdiction [to strike the firearm enhancements], and if I had— and if I do, because I don't want this back again, let me make it clear, I would not exercise my discretion to—for the reasons I stated before at the last hearing to strike the gun."

Medina timely appealed.

## DISCUSSION

As set forth, *ante*, the trial court imposed the 20-year firearm enhancements on Medina only because the jury found that he committed the attempted murders for the benefit of a criminal street gang, within the meaning of section 186.22, subdivision (b)(1)(C). (*Medina II*, *supra*, B303952, at p. 4, fn. 3.)

Assembly Bill No. 333 amended section 186.22 to eliminate felony vandalism as a predicate offense for establishing that a gang qualifies as a "criminal street gang." (See *Avalos*, *supra*, 85 Cal.App.5th at pp. 955–956.) Because the prosecution in this case relied on a felony vandalism conviction in proving that the Headhunters gang met section 186.22's definition of "criminal street gang," Medina urges that we must reverse the jury's "true" findings as to the gang allegations. And as a result, he argues, we also must strike the firearm enhancements, which the trial court imposed only as a result of the gang allegations. Medina contends further that the prosecution should not be permitted to retry the gang allegations on remand and that the trial court should not engage in a full resentencing. Finally, Medina requests that we direct the trial court to correct certain clerical errors in the amended abstract of judgment.

The Attorney General concedes—and we agree—that Assembly Bill No. 333 requires that we reverse the gang

9

allegation findings and strike the firearm enhancements. We conclude, however, that the prosecution is entitled to retry the gang allegations on remand, and that the trial court should perform a full resentencing. Finally, we agree with Medina that the trial court must correct the clerical errors in the amended abstract of judgment.

### A.    *Assembly Bill No. 333*

Pursuant to section 186.22, "[a] defendant who commits a felony 'for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members' is subject to increased punishment upon conviction." (*People v. Sek* (2022) 74 Cal.App.5th 657, 664 (*Sek*), quoting § 186.22, subd. (b)(1).)

Assembly Bill No. 333, which took effect on January 1, 2022, "amended section 186.22 to impose new substantive and procedural requirements for gang allegations." (*Sek*, *supra*, 74 Cal.App.5th at p. 665.) "Most notably, the law defined 'to benefit, promote, further, or assist' as 'to provide a common benefit to members of a gang where the common benefit is more than reputational. Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (*Id.* at p. 665, quoting § 186.22, subd. (g).)

In addition, "the law created a stricter requirement for proof of 'a pattern of criminal gang activity,' which is necessary to prove that the group with which the defendant is associated is indeed a criminal street gang." (*Sek*, *supra*, 74 Cal.App.5th at p. 665, citing § 186.22, subd. (f).) "Previously, the prosecution

needed to prove only that those associated with the gang had committed at least two offenses from a list of predicate crimes"—a list that included felony vandalism—"on separate occasions within three years of one another." (*Ibid.*, citing former § 186.22, subd. (e).) Under the newly amended law, felony vandalism no longer constitutes a qualifying predicate offense, and "the offense with which the defendant is currently charged cannot be used as one of the two predicate offenses." (*Ibid.*, citing § 186.22, subd. (e)(2).) "In addition, both predicate offenses must have been committed 'within three years of the date the current offense is alleged to have been committed,' by gang 'members,' and must have been for the 'common[ ] benefit[ ] [of] a criminal street gang.'" (*Ibid.*, citing § 186.22, subd. (e)(1).)

"Finally, under Assembly Bill No. 333, the defendant may request a bifurcated trial, in which the defendant is first tried for the underlying offense, and only upon conviction is tried for any gang enhancements." (*Sek*, *supra*, 74 Cal.App.5th at p. 665, citing § 1109, subd. (a).)

**B.** ***Assembly Bill No. 333 Requires That We Reverse the Gang Allegation Findings and Strike the Firearm Enhancements***

We agree with the parties that the amendments to section 186.22 at issue here apply retroactively to Medina's case (see *Sek*, *supra*, 74 Cal.App.5th at pp. 666–667; *Avalos*, *supra*, 85 Cal.App.5th at pp. 955–956), and that the prosecution's reliance on a prior felony vandalism conviction as a predicate offense requires that we reverse the jury's "true" findings on the gang allegations. (See *Avalos*, *supra*, 85 Cal.App.5th at pp. 955–956 [reversing defendant's gang offense conviction under a prior version of section 186.22 because "with the recent statutory changes [resulting from Assembly Bill No. 333], felony vandalism

11

no longer qualifies as a predicate offense"].)  We therefore reverse the jury's findings with respect to the gang allegations on all counts, and we strike the firearm enhancements on counts 1 through 4.[10]

### C. *The Prosecution May Retry the Gang Allegations on Remand*

We disagree with Medina's contention that the prosecution may not retry the gang allegations on remand.  Medina cites no authority in support of his position, and he fails to acknowledge or distinguish the many cases holding that, where a court reverses gang allegation findings due to Assembly Bill No. 333, the proper remedy is to remand the matter to permit the prosecution an opportunity to retry the allegations.  (See, e.g., *Sek*, *supra*, 74 Cal.App.5th at p. 669 ["Our decision does not bar the prosecution from retrying Sek on the gang enhancements upon remand.  'Because we do not reverse based on the

---

[10] In light of our conclusion, we need not address Medina's remaining arguments in support of striking the firearm enhancements—namely, that the prosecution purportedly failed to prove that the attempted murders and the other predicate offenses introduced at trial benefited the Headhunters gang in a manner that was "more than reputational."  Because we have elected to address Medina's arguments concerning Assembly Bill No. 333 on the merits, we also need not analyze Medina's contention that his counsel rendered ineffective assistance by failing to raise the bill at the March 16, 2022 hearing.  (See, e.g., *Avalos*, *supra*, 85 Cal.App.5th at p. 935, fn. 1 [a reviewing court has discretion to consider a forfeited issue that presents a pure question of law].)  Finally, we need not address Medina's assertion that his trial counsel provided ineffective assistance by failing to request that the court exercise its discretion to impose a 10-year firearm enhancement.

12

insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial, the double jeopardy clause of the Constitution will not bar a retrial' "]; *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1128 ["[T]he existing record is insufficient to support the heightened evidentiary requirements set forth by amended section 186.22 following the enactment of Assembly Bill [No.] 333.  As a result, the criminal gang enhancement applied to [the defendant's] sentence must be reversed.  However, the People are not foreclosed from retrying [the defendant] on the gang enhancement upon remand under the new requirements of amended section 186.22"]; *People v. Burgos* (2022) 77 Cal.App.5th 550, 564 ["the proper remedy is to vacate the gang enhancements and remand the matter to allow the prosecution the opportunity for a retrial"].)

If the prosecution elects not to retry the gang allegations under amended section 186.22 or is unable to meet its burden in proving those allegations, then the gang allegation findings and firearm enhancements shall remain stricken.  The trial court should then conduct a full resentencing as to all counts. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)[11]

_____

[11] We are not persuaded by Medina's argument that a full resentencing is inappropriate, as he provides no authority in support of his position.  In addition, we decline to address Medina's contention that his "aggregate sentence in this case on resentencing cannot exceed his current sentence in this case of 47 years to life, because that would effectively penalize [him] for

13

### D. *The Trial Court Must Correct Certain Clerical Errors in the Amended Abstract of Judgment*

Finally, we agree with Medina that the March 22, 2022 amended abstract of judgment appears to contain a clerical error. At the March 16, 2022 hearing—in accordance with the remittitur we issued following our opinion in *Medina II*—the trial court struck one of the five-year section 667, subdivision (a)(1) enhancements with respect to all counts.[12] The trial court then went on to exercise its discretion to strike the two remaining section 667, subdivision (a)(1) enhancements, at least with respect to counts 1 through 4.[13]

At most, then, the amended abstract of judgment should reflect 10 such enhancements—i.e., two enhancements corresponding to each of counts 5 through 8. The amended abstract of judgment, however, appears to reflect 21 such enhancements. We therefore direct the trial court to correct the amended abstract of judgment to reflect the correct number

taking an appeal." That issue is not ripe because the trial court has not imposed a new sentence in excess of Medina's current sentence. (See *Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 542 ["[c]ourts may not render advisory opinions on disputes which the parties anticipate might arise but which do not presently exist"].)

[12] We directed the trial court that it must strike one such enhancement "from each of the four counts of attempted murder" (*Medina II*, *supra*, B303952, at p. 16), but the record appears to reflect that the trial court struck one such enhancement from each of Medina's eight counts of conviction.

[13] It is unclear from the record whether the trial court also intended to exercise its discretion to strike the two remaining section 667, subdivision (a)(1) enhancements as to each of counts 5 through 8.

14

(if any) of section 667, subdivision (a)(1) enhancements that remains applicable to Medina's sentence.

**DISPOSITION**

The March 16, 2022 judgment is reversed, and the matter is remanded to the trial court. We reverse the jury's "true" findings on the gang allegations with respect to counts 1 through 8, and we strike the firearm enhancements imposed on counts 1 through 4. On remand, the prosecution shall have the option to retry Medina on the gang allegations. The trial court then shall perform a full resentencing, shall prepare a new abstract of judgment in which it has corrected the clerical errors described in the Discussion, part D, *ante*, and shall forward certified copies of the new abstract of judgment to the Department of Corrections and Rehabilitation. The clerk of the court is directed to send a copy of the opinion and remittitur to the Department of Corrections and Rehabilitation. (See Cal. Rules of Court, rule 8.272(d)(2).)

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

15